**James D. HODGSON, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**EARNEST MACHINE PRODUCTS, INC., Appellee.**

**No. 72–1963.**

United States Court of Appeals, Sixth Circuit.

Argued April 11, 1973.

Decided June 8, 1973.

Ruth Hart Stromberg, Cleveland, Ohio, Richard F. Schubert, Sol. of La-

**1134**

bor, Aaron A. Caghan, Regional Atty., U. S. Dept. of Labor, Washington, D. C., Sylvia S. Ellison, U. S. Dept. of Labor, for appellant; Carin Ann Clauss, Associate Sol., Helen W. Judd, U. S. Dept. of Labor, on brief.

F. Wilson Chockley, Jr., Cleveland, Ohio, for appellee; Walter, Haverfield, Buescher & Chockley, Michael T. McMenamin, Cleveland, Ohio, on brief.

Before McCREE and KENT,* Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal from an order dismissing the Government's complaint at the conclusion of the Government's proofs in an action for back pay, pension payments, and reinstatement. The action was brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., and § 17 of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

 The undisputed evidence showed that the employee, Helen Wagner, the subject of this action, had been a part-time employee of the appellee for approximately five years when she was suddenly terminated, allegedly for refusal to work full-time.

The theory of the Government was that had Helen Wagner continued to be employed for five additional months she would have been eligible for substantially higher retirement benefits because she would have attained the age of 65 years. It was the Government's contention that Helen Wagner was discharged because of the proximity of her 65th birthday. For reasons not apparent to this Court, Government's counsel not only failed to introduce any evidence that the employer had actual knowledge of Helen Wagner's approximate age, but did not offer any evidence which would suggest or imply that the employer had any reason to be aware of the age of Helen Wagner. We may reasonably assume that her appearance was such that it should have been obvious to the employer that Helen Wagner was beyond the age of 40 years. This is not enough to place upon the appellee the burden of establishing by evidence the details of the reasons for discharge.

After a careful examination of the entire record we are forced to the conclusion that the District Judge's dismissal of the action at the conclusion of the Government's proof because he could find no evidence to establish that the dismissal of Helen Wagner was because of age was a permissible result on the evidence as presented.

Judgment affirmed.